FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAMIRO P. M., | NO: 4:23-CV-5007-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Ramiro P. M.[1], ECF No. 6, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 8. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his claims for Social Security Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act (the "Act"). *See* ECF No. 6 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and middle and last initials.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 9, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

Plaintiff applied for SSI and DIB on April 18, 2019, alleging onset on July 12, 2013.  Administrative Record ("AR")[2] 253, 270.  Plaintiff was 45 years old on the alleged disability onset date and asserted that he was unable to work due to: rheumatoid arthritis, headaches, degenerative disc disease, hepatitis, anxiety, and depression.  AR 270, 308.  Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Mark Kim on September 29, 2021.  AR 82.  Plaintiff was present and represented by representative Justin Jerez.  AR 82–84.  The ALJ heard from vocational expert ("VE") Thomas Weiford and from Plaintiff.  AR 82–124.  ALJ Kim issued an unfavorable decision on November 19, 2021.  AR 15–24.

/ / /

/ / /

/ / /

---

[2] The Administrative Record is filed at ECF No. 4.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

1

***ALJ's Decision***

2

Applying the five-step evaluation process, ALJ Kim found:

3

**Step one:** Plaintiff meets the insured status requirements of the Act through

4 September 30, 2014.  AR 18.  Plaintiff has not engaged in substantial gainful activity

5 ("SGA") since July 12, 2013, the alleged onset date.  AR 18 (citing 20 C.F.R. §§

6 404.1571 *et seq.*, 416.971 *et seq.*).  The ALJ further found that Plaintiff worked after

7 the alleged disability onset date, but that work activity did not rise to the level of

8 SGA.  AR 18 (citing AR 286–88).

9

**Step two:** During the relevant Title II (DIB) period from July 12, 2013, to

10 September 30, 2014, Plaintiff had the following severe impairments: lumbar spine

11 degenerative disc disease and polysubstance abuse.  AR 18.  For the relevant Title

12 XVI period beginning on the application date of April 18, 2019, Plaintiff has had the

13 following severe impairments: lumbar spine degenerative disc disease,

14 polysubstance abuse, cervical spine degenerative disc disease, and bilateral carpal

15 tunnel syndrome.  AR 18 (citing 20 C.F.R. § 404.152(c) and 416.920 (c)).  AR 18.

16 The ALJ found that major depressive disorder is medically determinable but does

17 not cause more than a minimal limitation in Plaintiff's ability to perform basic work

18 activities.  AR 18–19.  The ALJ further found that Plaintiff's alleged right shoulder

19 pain is not a medically determinable impairment because the record lacks objective

20 evidence for this condition.  AR 19.

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 3

**Step three:** Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 19.  The ALJ memorialized that he considered listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), 1.18 (abnormality of a major joint(s) in any extremity), and 11.14 (peripheral neuropathy).  AR 19.

**Residual Functional Capacity ("RFC"):** The ALJ concluded that, during the period from July 12, 2013, to September 30, 2014, Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416,967(c) except that he could never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, crawl, or climb stairs; avoid unprotected heights; and perform simple routine tasks with a Specific Vocational Preparation ("SVP") of 2 or less.  AR 19–20.  For the period beginning on April 18, 2019, Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 1567(b) and 416.967(b) except that he can never climb ladders, ropes, or scaffolds; never crawl; occasionally stoop, kneel, crouch, or climb stairs; frequently handle and finger objects bilaterally; avoid unprotected heights; and perform simple, routine tasks with an SVP of 2 or less.   AR 20.

AR 21.  In formulating Plaintiff's RFC, the ALJ found Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms" were

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

"inconsistent because the objective medical findings reveal some limitations, but not to the extent alleged by the claimant."  AR 26.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 28 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a) and 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 45 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date, and Plaintiff was 50 years old, which is defined as an individual closely approaching advanced age, on the application date of April 18, 2019.  AR 23.  The ALJ found that transferability of job skills is not an issue because "using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills."  AR 23 (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  Rather, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform.  AR 23–24.  For the Title II (DIB) period, the ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as:  hand packager (medium, unskilled work with approximately 38,400 jobs nationwide); store laborer (medium, unskilled work with approximately 43,200 jobs nationwide); and laundry worker (medium, unskilled work with approximately 28,700 jobs nationwide).  AR 24.  For Plaintiff's RFC during the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

relevant Title XVI (SSI) period, the ALJ recounted that the VE testified that Plaintiff would be able to perform the requirements of representative occupations such as production assembler (light, unskilled work with approximately 59,300 jobs nationwide); hand packager (light, unskilled work with approximately 23,700 jobs nationwide); and electrical accessories assembler (light, unskilled work with approximately 19,100 jobs nationwide).  AR 24.

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, from July 12, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).  AR 24.

Through counsel, D. James Tree, Plaintiff sought review of the ALJ's decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. §

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R §§ 416.920, 404.1520.  Step one determines if they are engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 8

416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC, age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.     Did the ALJ erroneously assess Plaintiff's subjective symptom testimony?

2.     Did the ALJ err in his treatment of medical source opinions?

***Plaintiff's Subjective Symptom Testimony***

Plaintiff argues that the ALJ failed to offer specific, clear, and convincing reasons for discounting Plaintiff's statements about his limitations.  ECF No. 6 at 5. Plaintiff contends that, with respect to objective medical evidence, the ALJ cherrypicked from the record to cite examinations where Plaintiff had normal findings including gait, ambulation, strength, and movement.  *Id.* at 5–6 (citing AR 21).  Plaintiff asserts that the ALJ did not address examinations in which Plaintiff exhibited symptoms supporting his back pain claims.  *Id.* at 6 (citing AR 672 (tenderness to palpation over the right lateral aspect of the neck and right trapezius); 680 (decreased range of motion and tenderness to cervical and lumbar with flexion and extension, positive apprehension test on the shoulder); 758 (antalgic gait, paraspinal tightness, diminished sensation to temperature on right foot, give way weakness bilaterally); 761 (tenderness upper, mid and lower back bilaterally); 770 (hypertonic lumbar paravertebral musculature, sacrum bilaterally flexed); 839 (mild tenderness to palpation of lumbar paraspinal muscles with mild right-sided edema);

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

847 (elevated rheumatoid factor); 1160 (focal tenderness to palpation of the right hip/groin tendon worse with passive leg elevation)).  Plaintiff continues that the ALJ incorrectly discounted Plaintiff's testimony because he did not show "objective evidence of motor or neuro deficits" when, Plaintiff argues, "[n]ormal findings in these areas are consistent with [Plaintiff's] testimony that he was disabled by pain, not motor dysfunction or neurological problems." *Id.* at 7 (citing AR 21).

With respect to carpal tunnel syndrome, Plaintiff argues that the ALJ erroneously rejected Plaintiff's testimony about his manipulative limitations based on the ALJ's lay opinion of what functional limitations applied to Plaintiff's carpal tunnel syndrome and cervical degenerative disc disease.  ECF No. 6 at 9.  Next, Plaintiff argues that the ALJ impermissibly found Plaintiff's "allegation of debilitating pain inconsistent with his 'conservative and routine course of treatment'" without specifying any inconsistent evidence, making the finding unreviewable by this Court.  *Id.* at 10 (citing AR 21; *Treichler v. Comm'r*, 775 F.3d 1090, 1103 (9th Cir. 2014); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)).  Likewise, Plaintiff argues, the ALJ did not cite to any visit notes or other evidence supporting his reasoning that Plaintiff had been "'noncompliant with treatment, and a random urine drug screen showed he was not taking any of his prescribed pain meds.'"  *Id.* (citing AR 21).  Lastly, Plaintiff maintains that substantial evidence does not support the ALJ's reasoning the Plaintiff has a "'poor work history, which

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

1    raises the question as to whether his continuing unemployment is actually due to

2    medical impairments.'"  *Id.* at 11 (citing AR 21).

3         The Commissioner responds that an ALJ's "finding need only be 'sufficiently

4    specific to permit the [reviewing] court to conclude that the ALJ did not arbitrarily

5    discredit a claimant's testimony.'"  ECF No. 8 at 2 (quoting *Bunnell v. Sullivan*, 947

6    F.3d 341, 345 (9th Cir. 1991) (en banc) (internal quotation omitted).  The

7    Commissioner argues that to be eligible for Title II (DIB) benefits, Plaintiff must

8    have shown that he became disabled before his insured status expired on September

9    30, 2014, but "there is no evidence in the record suggesting that Plaintiff sought any

10   medical treatment for any of his allegedly disabling conditions during this period."

11   *Id.*  The Commissioner asserts that Plaintiff was discharged from his treating

12   provider in 2012 for violating his pain contract and apparently did not return for

13   further treatment until October 2015.  *Id.*  at 3–4 (citing AR 21, 1043–45).  The

14   Commissioner argues that the ALJ reasonably discounted Plaintiff's statements for

15   not taking pain medication for years and going years without treatment for the

16   impairments that Plaintiff's claims were disabling.  *Id.* at 4.  The Commissioner

17   argues that Plaintiff is wrong that this Court cannot review whether the substantial

18   evidence supported the ALJ's finding that Plaintiff was noncompliant with treatment

19   when the ALJ did not cite any visit notes, asserting that recent Ninth Circuit caselaw

20   "clarified that substantial evidence review requires the reviewing court, not the ALJ

21   to 'look to the existing administrative record and ask whether it contains sufficient

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 12

1   evidence in support of the agency's factual determinations.'" *Id.* at 4, n. 2 (citing

2   *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022)).  Moreover, the Commissioner

3   argues, Plaintiff cannot show that the ALJ irrationally relied on evidence of

4   Plaintiff's drug-seeking behavior, even though it pre-dated Plaintiff's current

5   application, where ALJs must consider all evidence in a claimant's record and

6   Plaintiff's alleged onset date was merely the day after a prior decision denying

7   Plaintiff's claim that he became disabled in September 2010.  *Id.* (citing AR 129–45;

8   *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966)).

9          The Commissioner next argues that the ALJ reasonably found that Plaintiff's

10  conservative treatment was inconsistent with his subjective allegations.  ECF No. 8

11  at 5–6.  The Commissioner reiterates that from July 12, 2013, through September 30,

12  2014, Plaintiff "sought no treatment whatsoever," and for the period beginning on

13  April 18, 2019, when Plaintiff applied for Title XVI (SSI) benefits, Plaintiff was

14  treated with physical therapy, electrical stimulation, and ibuprofen for his back pain,

15  with unremarkable imaging.  *Id.* (citing AR 772, 840, and 1123).  The Commissioner

16  continues that the ALJ also reasonably discounted Plaintiff's complaints based on a

17  poor work history when the earnings report in the record "showed that [Plaintiff]

18  engaged in substantial gainful activity for just three years out of the preceding three

19  decades."  ECF No. 8 at 6–7 (citing AR 281, 286–88).  Lastly, the Commissioner

20  contends that the ALJ was not required to account for Plaintiff's allegations

21  regarding the functional effects of his carpal tunnel syndrome" when the ALJ

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 13

1    "discounted [Plaintiff's allegations] for a variety of good reasons," and Plaintiff

2    bears the burden of establishing disabling limitations.  *Id.* at 7 (citing 20 C.F.R. §§

3    404.1512(a)(1), 416.912 (a)(1); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998);

4    *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009)).  The

5    Commissioner submits that Plaintiff offers no evidence to support any greater

6    manipulative limitations than the ALJ found, "only his own unreliable statements to

7    that effect."  *Id.* at 8.

8         Plaintiff replies that evidence that predates the alleged onset date is of little

9    relevance.  ECF No. 9 at 2.  In addition, Plaintiff argues that the Commissioner's

10   response "asks this Court to ignore that the ALJ did not cite to any evidence that

11   [Plaintiff] was noncompliant with treatment or had only conservative treatment and

12   invites the Court to look through the 1204 pages of the administrative record to

13   ensure that these findings do, in fact, have support in the record.  *Id.* at 3.  Plaintiff

14   contends that the Commissioner's response deviates from "well-established"

15   precedent requiring the district court to review the ALJ's reasoning and factual

16   findings and not any "'*post hoc* rationalizations that attempt to intuit what the

17   adjudicator may have been thinking.'"  *Id.* (quoting *Bray v. Comm'r of Soc. Sec.*,

18   554 F.3d 1219, 1225–26 (9th Cir. 2009); *also citing Burrell v. Colvin*, 775 F.3d

19   1133, 1138 (9th Cir. 2014) ("Our decisions make clear that [the courts] may not take

20   a general finding . . . and comb the administrative record to find specific conflicts.").

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 14

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

There is no allegation of malingering in this case.  Plaintiff alleged the following impairments, as summarized in the ALJ's decision:

> The claimant testified at the hearing that he has been unable to work since 2013 due to severe and disabling pain. He stated he has extreme pain in his back and neck. He stated he has to lay down frequently to alleviate his pain. The claimant stated he has numbness, weakness[,] and tingling in both hands due to carpal tunnel syndrome. He stated he has trouble holding onto objects for more than 15 seconds, and frequently drops things. He stated he is limited to lifting a glass of milk. He stated he cannot write for very long without his hands starting to hurt. The claimant stated he has anger and irritability and does not converate with people anymore. He stated he suffers from depression. In terms of substance use, the claimant stated he has been clean from meth for 1.5 years. He stated he still drinks alcohol and uses cannabis occasionally.

AR 20.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 20. With respect to evidence pertaining to Plaintiff's Title II (DIB) claim period, the ALJ found that "there are no medical records from July 12, 2013[,] through September 30, 2014." AR 21. The ALJ further found that although Plaintiff's remote treatment records from 2010 through 2012 show complaints of back, neck, and shoulder pain, imaging was unremarkable and "[p]hysical examination showed only subjective complaints of pain with few objective abnormalities." AR 21. The ALJ also found that, in 2012, Plaintiff was terminated from his provider for violating his pain contract. AR 21. The ALJ found all of this evidence consistent with an ability to perform medium work with the limitations set forth in Plaintiff's RFC for the Title II period. AR 21 (citing AR 1043).

With respect to the Title XVI (SSI) period, the ALJ found that after April 18, 2019, Plaintiff developed the new severe impairments of carpal tunnel syndrome and cervical degenerative disc disease. Nonetheless, the ALJ found that objective evidence since 2019 remained "largely unremarkable." AR 21. The ALJ cited to: October 2019 imaging showing "only mild degenerative changes of the cervical and lumbar spine"; one examination "positive Tinel's bilaterally to the carpel tunnel, tenderness bilateral lateral epicondyle at the elbow, which supports the manipulative

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

limitations I have assigned"; Plaintiff consistently presented for examination "in no acute distress, with a normal gait and coordination, ambulating without difficulty, usually good range of motion of the neck and lumbar spine, only mild tenderness to palpation of the spine, normal strength, and intact CN, sensation and reflexes"; and an examination in September 2021 "showed intact muscle strength, movement and gross motor tone in the upper/lower extremities; 5/5 strength in the bilateral upper and lower extremities; no mild line thoracolumbar tenderness to palpation; and intact cranial nerves."  AR 21 (citing AR 770, 773, 839, 841, 844, 944, 960, 1123, 1054, and 1189) (as written in original)[3].

   In addition to a review of the objective evidence, the ALJ further found that Plaintiff's allegations of debilitating pain were inconsistent with Plaintiff's "conservative and routine course of treatment."  AR 21.  The ALJ continued that Plaintiff "has been noncompliant with treatment, and a random urine drug screen showed he was not taking any of his prescribed pain meds, which I find to be wholly inconsistent with an individual truly suffering from the degree of pain alleged by the claimant."  AR 21.  The ALJ added that Plaintiff has a "poor work history, which raises a question as to whether his continuing unemployment is actually due to medical impairments."  AR 21.  The ALJ did not provide citations to the record

---

[3] The Court infers from the ALJ's opinion that the abbreviation "CN" refers to Plaintiff's cranial nerve.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 17

1  following his findings regarding conservative treatment, noncompliance with

2  treatment, and limited work history.  *See* AR 21.

3        The ALJ cited to substantial evidence, summarized above, in finding that

4  Plaintiff's subjective complaints of pain were not entirely consistent with the

5  objective medical evidence.  *See* AR 21, 770, 773, 839, 841, 844, 944, 960, 1123,

6  1054, and 1189.  However, the ALJ could not rely on lack of objective medical

7  evidence alone to reject Plaintiff's subjective pain and other symptom testimony.

8  *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022); *see also Karen M. v. Saul*, No.

9  2:20-CV-06202-GJS, 2021 U.S. Dist. LEXIS 89868, 2021 WL 1890785, at *4 (C.D.

10  Cal. May 11, 2021) (stating an "ALJ may not make a negative credibility finding

11  'solely because' the claimant's symptom/pain testimony 'is not substantiated

12  affirmatively by objective medical evidence'" (quoting *Robbins*, 466 F.3d at 883)).

13  Conservative treatment and noncompliance with treatment may be clear and

14  convincing reasons for discounting subjective complaints, but these reasons must be

15  supported by substantial evidence.  *See Smartt*, 53 F.4th at 500; *Tommasetti v.*

16  *Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).  While the ALJ did not cite to the

17  record in finding that Plaintiff's treatment for his alleged pain was conservative and

18  Plaintiff was noncompliant with treatment, the Commissioner provides citations to

19  portions of the record supporting that Plaintiff received no treatment for his alleged

20  pain between January 2012 and October 2015 and received non-opiate pain

21  medication, chiropractic care, and physical therapy after October 2015.  AR 758,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 18

772, 840, and 1044–45.  Plaintiff does not dispute that this amounts to conservative treatment.  Even if the Court were to find that the ALJ erred by failing to cite to these records to support his reasoning, the substantial evidence supporting the ALJ's reasoning is in Plaintiff's record, which would make the error harmless and remand for further proceedings unnecessary.  Moreover, the Commissioner provides only citations to the record, not post-hoc rationalizations, as the ALJ articulated the reasons that the citations support in the decision that Plaintiff appeals.  *See* AR 21.

The Court finds that the ALJ provided specific, clear, and convincing reasons, supported by substantial evidence, for discounting Plaintiff's claims of more extreme limitation than reflected in the RFC.  Therefore, the Court finds no error in the ALJ's treatment of Plaintiff's subjective symptom testimony.

### *Medical Source Opinions*

Plaintiff argues that the ALJ failed to properly assess the medical opinions of Keith Goodman, D.O. and Dillon Burton, PA-C and erred by failing to address at all the opinion of Derek J. Leinenbach, M.D.  ECF No. 6 at 13–21.

The Commissioner responds that the ALJ reasonably evaluated the medical opinions of Dr. Goodman and PA-C Burton and made a harmless error in failing to discuss Dr. Leinenbach's opinions.  ECF No. 15 at 4–5.

The Court addresses the ALJ's treatment of the pertinent medical opinions in turn.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

1    The regulations that took effect on March 27, 2017, provide a new framework

2 for the ALJ's consideration of medical opinion evidence and require the ALJ to

3 articulate how persuasive he finds all medical opinions in the record, without any

4 hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

5 Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

6 2017).  Instead, for each source of a medical opinion, the ALJ must consider several

7 factors, including supportability, consistency, the source's relationship with the

8 claimant, any specialization of the source, and other factors such as the source's

9 familiarity with other evidence in the claim or an understanding of Social Security's

10 disability program.  20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

11    Supportability and consistency are the "most important" factors, and the ALJ

12 must articulate how he considered those factors in determining the persuasiveness of

13 each medical opinion or prior administrative medical finding.  20 C.F.R. §§

14 404.1520c(b)(2); 416.920c(b)(2).  With respect to these two factors, the regulations

15 provide that an opinion is more persuasive in relation to how "relevant the objective

16 medical evidence and supporting explanations presented" and how "consistent" with

17 evidence from other sources the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1);

18 416.920c(c)(1).  The ALJ may explain how he considered the other factors, but is

19 not required to do so, except in cases where two or more opinions are equally well-

20 supported and consistent with the record.  20 C.F.R. §§ 404.1520c(b)(2), (3);

21 416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 20

finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."  *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).  Recently, the Ninth Circuit has further held that the updated regulations comply with both the Social Security Act and the Administrative Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for the "examining relationship" or "specialization factors."  *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 21

1    Accordingly, as Plaintiff's claim was filed after the new regulations took

2    effect, the Court refers to the standard and considerations set forth by the revised

3    rules for evaluating medical evidence.  *See* AR 253, 270.

4    **Dr. Goodman**

5    Plaintiff argues that the ALJ improperly rejected Dr. Goodman's opinion for

6    being in checkbox form.  ECF No. 6 at 14 (citing *Trevizo v. Berryhill*, 871 F.3d 664,

7    677 n. 4 (9th Cir. 2017) for the proposition that "there is no authority that a 'check-

8    the-box form is any less reliable than any other type of form").  Plaintiff also asserts

9    that the ALJ's reasoning was "overly conclusory" when he found that Dr.

10    Goodman's opinion "contains 'little meaningful explanation,' but fail[ed] to specify

11    what further explanation is required."  *Id.* at 14–15 (citing AR 1020–22).  Next,

12    Plaintiff asserts that the ALJ's reasoning that Dr. Goodman's opinion was not

13    supported by his own "'entirely normal'" exam , "as Dr. Goodman noted that

14    [Plaintiff] had decreased range of motion in side bending, extension, rotation of the

15    thoracic and lumbar spine, along with decreased abduction of the bilateral

16    shoulders." *Id.* at 15–16 (citing AR 1021).  Plaintiff continues by faulting the ALJ

17    for reasoning that Dr. Goodman's opinion "'fails to establish a durational level of

18    impairment,'" arguing that the requirement that an impairment last twelve months or

19    result in death is "an entirely separate issue from the persuasiveness of a medical

20    opinion."  *Id.* at 15 (quoting AR 22; citing 20 C.F.R. §§ 404.1509, 416.909,

21    404.1520c(c)(1)–(5)).  Lastly, Plaintiff argues that the ALJ's reasoning that Dr.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 22

1   Goodman's opinion was inconsistent with imaging and exam findings in the record

2   also was impermissibly conclusory and ignores that Dr. Goodman "identified

3   [Plaintiff's] symptoms, treatment history, examination findings, and offered his

4   opinion regarding [Plaintiff's] limitations." *Id.* at 16 (citing AR 22).

5       The Commissioner responds that Dr. Goodman checked a box on the form

6   indicating that Plaintiff was "[s]everely limited" and, therefore, unable to perform

7   even sedentary work, but offered no explanation as to how he arrived at that

8   conclusion. ECF No. 8 at 9. Therefore, the Commissioner argues, the ALJ provided

9   a rational reason for finding Dr. Goodman's opinion less persuasive. *Id.* The

10  Commissioner further argues that Plaintiff "appears to concede that Dr. Goodman's

11  opinion was unexplained" but relies on obsolete caselaw to assert that a lack of

12  explanation is not a basis to find an opinion unpersuasive. *Id.* at 9–10 (citing ECF

13  No. 6 at 13). Next the Commissioner asserts that the ALJ could consider Dr.

14  Goodman's opinion that Plaintiff's impairments would persist just six months with

15  treatment as an "other factor" under the revised regulations applicable to medical

16  source opinions. *Id.* at 10–11 (citing 20 C.F.R. §§ 404.1520c(c)(5), 416.92c(c)(5)).

17  The Commissioner continues that the ALJ relied on substantial evidence in

18  reasoning that Dr. Goodman's opinion was inconsistent with his normal exam

19  because "[o]n the same day he filled out the disability form, Dr. Goodman

20  conducted a physical examination of Plaintiff, which was completely normal." *Id.* at

21  11 (citing AR 22, 1059–60). Lastly, the Commissioner argues that the ALJ

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 23

1    reasonably evaluated the consistency of Dr. Goodman's opinion with the objective

2    findings in the record, including mild imaging and exam findings. *Id.* at 12 (citing

3    AR 22, 770, 773, 839, 841, 844, 944, 960, 1025, 1027, 1054, 1123, 1189; 20 C.F.R.

4    §§ 404.1520c(c)(2), 416.920c(c)(2)).

5        Dr. Goodman completed a Washington Department of Social and Health

6    Services ("DSHS") Physical Functional Evaluation form on March 7, 2019.  AR

7    1020–22.  Dr. Goodman found that Plaintiff has decreased range of motion in side

8    bending, extension, and rotation in his thoracic and lumbar spine, as well as

9    decreased abduction of the bilateral shoulders.  AR 1021.  Dr. Goodman opined that

10   Plaintiff's low back pain causes a marked limitation in his ability to lift, handle,

11   carry, push, and pull and a moderate limitation in his ability to sit, stand, walk and

12   reach.  AR 1021.  Dr. Goodman opined that Plaintiff is severely limited (defined as

13   "unable to meet the demands of sedentary work") in his ability to perform work in a

14   regular, predictable manner.  AR 1022.  Dr. Goodman opined that Plaintiff's

15   limitation would persist for six months with available medical treatment.  AR 1022.

16       ALJ Kim found Dr. Goodman's opinion unpersuasive, reasoning that the

17   opinion was on a "checkbox form with little meaningful explanation, and it fails to

18   establish a durational level of impairment."  AR 22.  ALJ Kim further reasoned that

19   Dr. Goodman's opinion was inconsistent with the "entirely normal exam" that Dr.

20   Goodman recorded in his treatment note for Plaintiff on the same date that he

21   completed the evaluation form.  AR 22 (citing AR 1059).  Fourth, ALJ Kim

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 24

reasoned that Dr. Goodman's opinion is inconsistent with the "very mild" imaging and examination findings in the record.  AR 22.

Contrary to Plaintiff's assertions regarding checkbox forms, the Ninth Circuit recently has approved of finding a medical source opinion unpersuasive when the opinion is expressed on a checkbox form without meaningful explanation.  *See Weiss v. Kijakazi*, No. 22-35557, 2023 U.S. App. LEXIS 15002, 2023 WL 4030839, at *1 (9th Cir. June 15, 2023).  In addition, substantial evidence supports that Dr. Goodman's own examination of Plaintiff on the day of his medical source opinion recorded entirely normal results.  AR 1059–60.  Both reasons, and the substantial evidence that they rely on, go to the supportability factor in the revised framework for evaluating medical source opinions.  *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The ALJ also demonstrated that he considered the other most important factor, consistency, and referred to the mild imaging and examination findings in Plaintiff's longitudinal, which the Court found to be supported by substantial evidence above.  *See* AR 22, 770, 773, 839, 841, 844, 944, 960, 1123, 1054, and 1189.  Moreover, substantial evidence supports that Dr. Goodman opined that Plaintiff's limitations would last only six months with treatment.  The Court finds the ALJ's interpretation of the durational limitation as an "other factor" that undermines the persuasiveness of the opinion reasonable.  *See* 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5) (enumerating non-exclusive "other factors" that

"tend to support or contradict a medical opinion").  The Court finds no basis to conclude that the ALJ erred in his treatment of Dr. Goodman's medical opinion.

### PA-C Burton

Plaintiff argues that the three reasons provided by the ALJ for discounting PA-C Burton's opinion are erroneous.  ECF No. 6 at 17.  First, Plaintiff again argues that rejecting the opinion because it was in check-box form was invalid.  *Id.* (citing *Trevizo*, 871 F.3d at 677 n. 4).  Plaintiff further argues that the ALJ erred by relying on generic chart notes of Plaintiff presenting in "no acute distress" and with only mild tenderness to palpation of the lumbar spine.  *Id.* (citing AR 22).  Plaintiff adds that the ALJ does not explain how Plaintiff's ability to ambulate without assistance at a medical appointment is inconsistent with PA-C Burton's opinion that Plaintiff could not sustain work that exceeded a sedentary level.  *Id.* at 18.  Lastly, Plaintiff faults the ALJ for using the "same boiler-plate language" as he used regarding Dr. Goodman to find PA-C Burton's opinion inconsistent with physical exam findings in the record, without specifying which examination findings contradict PA-C Burton's opinion.  *Id.* at 18–19 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that [the courts] may not take a general finding . . . and comb the administrative record to find specific conflicts.").

The Commissioner responds that the ALJ's finding that PA-C Burton's[4] opinion was in checkbox form without meaningful explanation was supported by the fact that PA-C Burton "offered no insight into how he arrived at his conclusion that Plaintiff was limited to work at the sedentary level instead of light, medium, or heavy." ECF No. 8 at 12.  The Commissioner further argues that the ALJ reasonably found PA-C Burton's opinion less persuasive for being inconsistent with objective evidence showing "no more than mild problems." *Id.* (citing AR 770, 773, 839, 844, 944, 960, 1025, 1027, 1054, 1123, and 1189).

PA-C Burton completed a DSHS Physical Functional Evaluation form for Plaintiff on November 5, 2019.  AR 1113–14.  PA-C Burton opined that Plaintiff is severely limited (defined as "unable to meet the demands of sedentary work") in his ability to perform work in a regular, predictable manner, and Plaintiff's limitation would last 36 months with available treatment.  AR 1114.

ALJ Kim found PA-C Burton's opinion unpersuasive, reasoning that the opinion is on a checkbox form with little meaningful explanation.  AR 22.  ALJ Kim further reasoned that the opinion is inconsistent with PA-C Burton's examination findings of Plaintiff to be in no acute distress, able to ambulate without assistance, and with only mild tenderness to palpation of the lumbar spine. AR 22 (citing AR

---

[4] The Commissioner refers to this medical source as PA-C Dillon; however, Dillon is PA-C Burton's first name.  *See* ECF No. 8 at 12–13; AR 1114.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 27

838, 840, 843, and 847).  The Court acknowledges that Plaintiff's presentation in no

acute distress at appointments may or may not undermine a medical source opinion

about the limitations caused by a chronic condition.  *See Jennifer H. v. Comm'r of*

*Soc. Sec.*, Case No. C20-6249-MAT, 2021 U.S. Dist. LEXIS 224105, 2021 WL

5415285 (W.D. Wash. Nov. 19, 2021) (discussing Eighth Circuit caselaw finding

that an ALJ erred by relying on his own interpretation of a "no acute distress"

notation when assigning weight to competing medical opinions).  However, the

Court already found sufficient the ALJ's reasoning that an opinion on a checkbox

form without a meaningful explanation undermines the supportability of PA-C

Burton's opinion, and the unremarkable objective medical evidence in Plaintiff's

record undermines the opinion's consistency.  The Court, again, finds no basis to

conclude that the ALJ erred in the treatment of medical opinion evidence.

### Derek Leinenbach, M.D.

Plaintiff argues that the ALJ is required to review all medical opinions and

harmfully erred by not addressing Dr. Leinenbach's opinion.  ECF Nos. 6 at 20; 9 at

4(citing 20 C.F.R. §§ 404.1520c(b); 416.920c(b)).  Plaintiff further asserts that fully

crediting Dr. Leinenbach's opinion would direct a finding that Plaintiff is disabled.

*Id.* at 20–21.

The Commissioner responds that Dr. Leinenbach only reviewed PA-C

Burton's opinion, and nothing else, to reach his conclusions about Plaintiff's

functional limitations.  ECF No. 8 at 13.  The Commissioner acknowledges that the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 28

1   ALJ did not discuss Dr. Leinenbach's opinion, but argues that such an oversight may

2   be harmless "when the ALJ's well-supported analysis of other similar evidence

3   applies equally well to the undiscussed opinion." *Id.* (citing *Molina v. Astrue*, 674

4   F.3d 1104, 1117 (9th Cir. 2012) ("Where lay witness testimony does not describe

5   any limitations not already described by the claimant, and the ALJ's well-supported

6   reasons for rejecting the claimant's testimony apply equally well to the lay witness

7   testimony, it would be inconsistent with our prior harmless error precedent to deem

8   the ALJ's failure to discuss the lay witness testimony to be prejudicial per se.").

9        Plaintiff counters that "Dr. Leinenbach's statement is a medical opinion, not a

10  lay witness statement."  ECF No. 9 at 4.

11       Dr. Leinenbach was contracted to review the opinion of PA-C Burton and

12  opined on November 21, 2019, that the highest level of work that Plaintiff could

13  perform is sedentary.  AR 1115–18.  The ALJ did not address Dr. Leinenbach's

14  opinion in the decision.  *See* AR 22.

15       While an ALJ generally must address every medical opinion in a claimant's

16  record, the ALJ "need not address evidence that is 'neither significant nor

17  probative.'"  *Miranda v. Saul*, 832 Fed. Appx. 515, 516 (9th Cir. 2020) (quoting

18  *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per

19  curiam)).  As the only document that Dr. Leinenbach reviewed was the opinion of

20  PA-C Burton, which the Court found the ALJ reasonably found unpersuasive, Dr.

21  Leinenbach's opinion is not independently probative.  Moreover, finding no error in

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 29

the ALJ's consideration of PA-C Burton's opinion that Plaintiff can perform no more than sedentary work, the Court identifies no harmful error from the lack of discussion of Dr. Leinenbach's accompanying opinion.

Accordingly, the Court finds no error in the ALJ's treatment of medical source opinions, and, finding no merit in the final issue raised by Plaintiff, directs entry of judgment for the Commissioner.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 6**, is **DENIED**.

2. Defendant the Commissioner's Brief, **ECF No. 8**, is **GRANTED**.

4. Judgment shall be entered for Defendant.

5. The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 30

1      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2   Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3   this case.

4      **DATED** March 1, 2024.

5

6                                   *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
7                                   Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 31